*UNITED STATES DISTRICT COURT*
*FOR THE DISTRICT OF COLUMBIA*

UNITED STATES OF AMERICA

      Plaintiff

      v.                                               Civil Action No. 98-0700 (JGP)

NNAMDI C. OLEJEMEH

      **Defendant**

      and

CHRISTIE ONYEKACHI-OLEJEMEH

      Intervenor

**MEMORANDUM OPINION**

This case is before the Court on the defendant's **Motion To Vacate Judgment** [#15]. The plaintiff filed an opposition [#16] to which the defendant filed a reply [#17]. Also pending before the Court is the plaintiff's **Motion For Disposition Order** [#11].

The background of this litigation is as follows: The defendant executed promissory notes in 1988 and 1989 to pay for his education. Those loans were guaranteed by the government under the student loan program. The defendant has never made any payments on the loans. The government, having exhausted all efforts to collect on the notes, referred the matter to the United States Attorney and then to private counsel. The plaintiff filed this action on March 19, 1998. The plaintiff's private process server, Douglas McBeth, delivered the summons and complaint to the defendants' address located at 1417 Sheridan Street, N.W., Apartment A-4, Washington, D.C, on March 25, 1998. Opposition Exhibit A (Affidavit of Service). The process server left the summons and complaint with an adult male who declined to state his name. A postal trace on November 25, 1998, reflects that mail was being delivered

to the defendant at that address. Opposition Exhibit B (Address Information Request).  When the defendant failed to respond to the summons and complaint, the plaintiff filed a Motion for Default Judgment on May 28, 1998 [#6].  The Motions Judge granted the motion on May 28, 1998 [#7].  Judgment was entered in the amount of $36,255.45 which included accrued interest in the amount of $3,879.35 and attorney's fees and costs.  Following the entry of the judgment, counsel for the government sent a number of notices to the defendant concerning the judgment, however, the defendant never responded.  At the December 12, 2006 hearing he testified that he thought they were from a private bill collector.

Nothing else took place in the case until the plaintiff issued a writ of garnishment on the judgment on the Bank of America in February 2004.  In April, 2005, the plaintiff issued writs of garnishment on the All First Bank and on the Provident Bank of Maryland.  The latter attachment proved successful and on June 24, 2005, the plaintiff moved for an order for disposition of the funds in that account [#11]. The Provident Bank responded that the amount in the defendant's account is $3,586.38 [#10].   The case was reassigned to this Court on February 13, 2006.

The Court scheduled a hearing for October 19, 2006 which was later continued over until October 26.  The defendant appeared and contended that he had no notice of this action or the default judgment until the filing of the plaintiff's motion for disposition.  The Court granted the defendant's request to file a motion to set aside the judgment and included a briefing schedule.

The defendant's wife, Christie Onyekachi-Olejemeh, filed a separate action in the United States District Court for the District of Maryland in which she named as defendants, the government, counsel for the government in this case, the Provident Bank of Maryland, and Patricia Fisher, presumably an official or employee of the bank. Civil Action No. 05-3219 (USDC MD). The Maryland court noted that the plaintiff in that case brought that action as a result of the writ of garnishment issued against the Provident Bank.  She argued that at least half of the funds in the joint bank account belonged to her.  The

Maryland court transferred the case to this Court where it was filed as Civil Action No. 06-0443.  At the hearing held on October 26, 2006, this Court allowed Mrs. Onyekachi-Olejemeh to intervene in this action and dismissed Civil Action No. 06-0443.

The Court held a hearing on the motion on December 12, 2006.  The defendant and his wife testified.  After considering the motion, the opposition and the reply, together with the testimony of the witnesses, the Court concludes that the Motion To Vacate should be denied for the reasons set forth below.

In his motion to vacate, the defendant alleges that "the judgment was in error," that he "was never served and had no knowledge of being a defendant in the case prior to 2005" and that his "due process right was violated and [he] was not given an opportunity to defend or answer to the charges against [him]."  The facts in this case contradict those arguments.  First, he admitted in open court, under oath and on the record that he owes the amount of money claimed by the government.  He did not file a verified answer disputing the debt.  Moreover, he has presented nothing showing that the plaintiff's claim should be barred.  His motion is filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure which provides in part: that "[O]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding" for reasons  including . . . "(6) any . . . reason justifying relief from the operation of the judgment.""  *Murray v. District of Columbia*, 311 U.S. App. D.C. 204, 206, 52 F.3d 353, 355 (1995).  The Court of Appeals has stated that, "motions for relief under Rule 60(b) are not to be granted unless the movant can demonstrate a meritorious claim or defense . . . ."*Lepkowski v. United States Department of the Treasury*, 256 U.S. App. D.C. 281, 285, 804 F.2d 1310, 1314 (1986).  Here the defendant has not and cannot meet that test.  He admits that he owes the money.  The judgment is not "in error."  That standing alone is sufficient reason to deny the motion.

Troubling in this case is the defendant's contention that he was *never served* and that *he had no*

*knowledge* of this case *before* 2005.  On March 7, 1997, the plaintiff filed an Address Information Request asking the Postal Service to verify the defendant's address as "1417 Sheradrn St, NW Apt-4, Washington, D.C. 20011."  Plaintiff's Exhibit 1.  The postal service replied that defendant's mail was delivered to that address.  A Return of Service reflects that service was made on March 25, 1998 at 1417 Sheridan Street, N.W. Apartment A-4, Washington, D.C.  The process server states that he "[l]eft copies thereof with John Doe (declined to state name) as the friend/co-occupant of the defendant."  The Return of Service was promptly filed with the court on March 27, 1998. Opposition Exhibit A.  An Address Information Request dated November 25, 1998 reflects that the postal service delivered the defendant's mail at the above address. Opposition Exhibit B.  On or about November 25, 2002, counsel for the plaintiff sent a Notice to Appear by certified mail to the defendant at his new address, "112 Warwickshire Ln C, Glen Burnie, MD 21061-5698," with a request for a return receipt. The defendant signed the receipt for that delivery on November 26, 2002. Plaintiff's Exhibit 10 (original) and Opposition Exhibit C (copy).  That notice referred to this case by name, court and case number and referred to the "debt" owed by the defendant.  During a hearing held December 12, 2006 the defendant's wife testified that she "might" have seen it on the table in their home but did not open it.  On December 4, 2004, the defendant was personally served by a process server with a Notice to Appear and a Subpoena. Plaintiff's Exhibit 7 and 8.  Copies of the notice of writs of attachment served on banks were sent to the defendant but he ignored those served on the Bank of America, the All First Bank and the Provident Bank until he learned that the writ attached to the funds he and his wife had in the Provident Bank.  Up until that time, the defendant chose to ignore any attempt to respond to this action.  The Court finds that the defendant had notice of this action and the judgment.  The Court finds that the defendant was properly served with the summons and complaint and that he received notices of this pending case.

     The defendant does not deny that he owes the money.  The Court finds and concludes that the Default Judgment was properly entered and thus the Motion to Vacate is denied.

Defendant's wife testified that she deposited $1460 of the amount in the bank account at Provident Bank.  The plaintiff advised the Court that it does not object to that sum being paid over by the bank to her.

The Motion for Disposition Order in defendant's name in the Provident Bank is granted, except that the amount of $1460 is to be released to the defendant's wife, Christie Onyekachi-Olejemeh.

An appropriate order will be entered.


**DATE:  January 26, 2007**

**JOHN GARRETT PENN**
**United States District Judge**


**Copy via First Class-Mail to:**
Nnamdi Olejemeh
6912 Rockfields Road
Windsor Mill, Maryland 21244
Defendant

**Copy via First Class-Mail to:**
Christie Onyekachi-Olejemeh
6912 Rockfields Road
Windsor Mill, Maryland 21244
Intervenor

**Copy via Electronic Case Filing System to:**
Thomas Mauro
1020 - 19th Street, N.W.
Suite 400
Washington, D.C.  20036
Plaintiff